UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NIDEC MOTOR CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:13-cv-01895-SEP |
| | ) |
| BROAD OCEAN MOTOR, LLC., et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

  Before the Court is Plaintiff Nidec Motor Corporation's Motion to Compel Defendants Broad Ocean Motor LLC, et al. to comply with Local Patent Rule 4-1(b), Doc. [131], and Defendants' Motion to Amend the Case Management Order, Doc. [130].  For the reasons set forth below, Plaintiff's Motion is denied and Defendants' Motion is granted.

**I.   Plaintiff's Motion to Compel**

  Plaintiff filed a Motion to Compel Defendants to comply with Local Patent Rule 4-1(b) on November 19, 2021.  Doc. [131].  Rule 4-1(a) requires that, within 42 days of service of the Preliminary Invalidity Contentions, the parties exchange Proposed Terms and claim Elements for Construction.  Local Patent R. 4-1(a).  Within 7 days of that exchange, Rule 4-1(b) requires that the parties, among other things, "meet and confer in good faith for the purpose of narrowing the claims to be construed."  Local Patent R. 4-1(b).  The parties exchanged claim terms for construction on November 5, 2021, where Plaintiff identified one term, and Defendants identified 57.  Doc. [131] at 2.  On November 11, 2021, the parties met and conferred.  *Id.*  At that meeting, Defendants did not agree to narrow the proposed terms.  *Id.*  Plaintiff had evidently hoped to discuss the terms identified by each party, as well as the relationship of those terms to the parties' infringement position.  *Id.* at 3.  Defendants took the position that they would provide all 57 proposed constructions on December 3, 2021, as required by Local Rule 4-2 and the parties' Case Management Order.  *Id.*

  Plaintiff alleges that Defendants failed to satisfy Rule 4-1(b)'s requirement to narrow the terms for construction..  *Id.* at 4.  It is Plaintiff's position that, if Defendant is unwilling to narrow its terms at this stage, then the Court should limit the number of terms to be construed.

1

*Id.* at 4-5.  Defendants counter that they did confer in good faith and that Plaintiff is attempting to prematurely expedite the timeline for term construction.  Doc. [139] at 3.

The Court finds that Defendants have complied with Rule 4-1(b).  Rule 4-1(b) does not require that parties actually narrow the exchanged terms, but that the parties meet and confer to discuss that possibility.  Based on the record before it, the Court finds that Defendant met in good faith with Plaintiff, but was, at that time, unwilling to narrow its terms.  *See id.* at 4.  Defendants appear to have spent at least 45 minutes on the phone with Plaintiff and allegedly noted that the parties may be able to narrow claim terms in the future.  *Id.* (Defendants noting that the parties may be able to narrow terms by grouping similar terms together).  The Court declines to compel Defendants to do more than what the text of the rule requires.  If, in the future—particularly during the Rule 4-2(a) and (b) phase of the litigation process—Defendant continues to refuse to narrow the terms, the Court may, at that time, consider setting appropriate limitations with respect to claim construction.

 II.     **Defendants' Motion to Amend the Case Management Order**

Defendants also filed a Motion to Amend the Case Management Order on November 19, 2021.  Doc. [130].  Motions to amend a case management order are subject to Rule 16(b) of the Federal Rules of Civil Procedure, which states that a Court may modify a schedule only for good cause.  Fed. R. Civ. P. 16(b)(3)(4).  "District courts enjoy wide discretion under Rule 16(b) and in matters of trial management in general."  *Baker v. City of Florissant*, 2021 WL 735679, at *5 (E.D. Mo. Feb. 25, 2021).

Defendants argue that good cause to amend exists because, on November 9, 2021, Plaintiff amended its Complaint to add Defendant Broad Ocean Motor Hong Kong (BOMHK).  Doc. [130] at 3.  Now, Defendants contend, BOMHK is entitled to appropriate time to participate in the litigation, including preparing preliminary counter-infringement and validity contentions pursuant to Local Patent Rules 3-3 and 3-4.  *Id.* at 3-4.  Plaintiff argues that modification of the parties' schedule is not justified where the newly-added Defendant is a subsidiary of the other Defendants and is represented by the same counsel, and the claims relate to the same patents and products.  *Id.* at 5-6.  Additionally, Plaintiff contends that Defendants would not be prejudiced by denying BOMHK the right to submit new contentions.  *Id.* at 7.

The Court finds that there is good cause to allow Defendants to amend the Case Management Order as requested.  Plaintiff recently amended its Complaint to add Defendant

BOMHK as a party, and Defendants now seek a delay of some case deadlines to accommodate the newly-added party.  Giving a newly-named party the opportunity to assess and respond to claims against it is good cause for the relatively modest requested amendments.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Defendants to Comply with Local Patent Rule 4-1(b) (Doc. [131]) is **DENIED.**

**IT IS FURTHER ORDERD** that Defendants' Motion to Amend the Case Management Order (Doc. [130]) is **GRANTED.**

Dated this 6th day of December, 2021.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff cites *Wyeth v. Abbott Labs.*, 2011 WL 4369028 (D.N.J. Sept. 16, 2011), as its "most on point authority," for the contention that a court should not allow amendment of the case management order where an amended complaint adds a subsidiary as a party.  Doc. [132] at 7.  The Court is not bound by *Wyeth*, and it also does not find *Wyeth* persuasive here.  In that case, the Court found that additional discovery was proper where a subsidiary was added to a case, and it denied *the parent company's* request to submit supplemental invalidity contentions.  *Wyeth*, 2011 WL 4369028, at *7.  *Wyeth* is silent, however, on whether a court should deny the newly-added party the prerogative to submit contentions, which is what Defendants want this Court to do.  *See id.*  Plaintiff cites no other case in which that prerogative has been denied to a newly-added party either.  *See* Doc. [132] at 5-7.